UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Johnna Williams** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Bank of America, National Association,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Johnna Williams, for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

## PARTIES

3. Plaintiff, Johnna Williams, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years. Plaintiff hereby opts out of any class action covering the claims alleged herein that is currently pending or

that is filed after this lawsuit.

4. Defendant Bank of America, National Association. is a Delaware corporation. Bank of America, National Association may be served with process through its registered agent for service of process, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. In all respects and at all times relevant herein, Bank of America, National Association was doing business in the State of South Carolina and in this division.

## FACTUAL ALLEGATIONS

5. Starting after January, 2013, Defendant began to make telephone calls to Plaintiff's cellular telephone in an attempt to collect an alleged debt. Each time the Plaintiff answered a call on her cellular telephone, there was an automated message telling her to contact Bank of America. There was never a live person on the other end of the telephone calls from Defendant. In response to the calls, Plaintiff would call Defendant, but Defendant always refused to speak to the Plaintiff because the loan Defendant was attempting to collect was not in the Plaintiff's name.

6. Upon information and belief, all of the calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

7. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant

to 47 U.S.C. §227(b)(1).

8. Plaintiff did not expressly or impliedly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Defendant knew, or should have known, that they were calling Plaintiff's cellular telephone number without Plaintiff's consent. Defendant also knew, or should have known, that the account they were trying to collect was not in Plaintiff's name. Yet, Defendant continued to repeatedly call the Plaintiff.

9. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I).

10. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## COUNT ONE
### (Violation of the Telephone Consumer Protection Act)

11. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 10 as if set forth fully herein.

12. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

13. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

## COUNT TWO
### (Violation of the Telephone Consumer Protection Act)

14. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 13 as if set forth fully herein.

15. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

16. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT THREE
### (Negligent Training and Supervision)

17. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 16 as if set forth fully herein.

18. Defendant owed the Plaintiff a duty to properly train and supervise its employees to insure compliance with state and federal laws. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

19. Defendant knew or should have known that the conduct of their employees, agents,

and/or assigns was improper and was in violation of the TCPA.

20. Defendant breached their duty to Plaintiff by negligently failing to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

21. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
### (Reckless and Wanton Training and Supervision)

22. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 21 as if set forth fully herein.

23. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

24. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the TCPA.

25. Defendant recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

26. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
### (Invasion of Privacy)

27. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 26 as if set forth fully herein.

28. South Carolina state law recognizes the Plaintiff's right to be left alone and to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff. *See Swinton Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 477 (S.C. 1999).

29. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to collect an alleged debt. When Plaintiff called Defendant back about the alleged debt, Defendant refused to speak with the Plaintiff as the debt was not in the Plaintiff's name.

30. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

31. The conduct of Defendant in engaging in the systematic campaign of harassment by repeatedly telephone the Plaintiff demonstrates the Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

33.  Additionally, as all of the acts undertaken and performed by Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from Defendant.

## **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.  Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

B.  Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phones by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C.  For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

D.  For this matter to be heard by a jury; and

E.  For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.

1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

Bank of America, National Association
c/o CT Corporation System - Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223