UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Johnna Williams** | ) | |
| | ) | |
| Plaintiff, | ) | 4:14-cv-04809-RBH |
| | ) | |
| v. | ) | |
| | ) | |
| **Bank of America, National Association,** | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Johnna Williams, by and through her undersigned counsel, and hereby requests this Honorable Court to deny Defendant Bank of America, National Association's ("Bank of America") motion to dismiss, and as grounds therefore states as follows:

**I.     Standard of Review**

"A motion to dismiss pursuant to *Fed. R. Civ. P.12(b)(6)* for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief." *Carrington v. Mnuchin, et al.*, 2014 U.S. Dist. LEXIS 119430 (D.S.C., Aug. 27, 2014). In reviewing a motion to dismiss the Court must consider the facts as alleged in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Kunda v. C.R. Bard,*

*Inc.*, 2011 U.S. App. LEXIS 25580 (4th Cir. Md. 2011). A *Rule 12(b)(6)* motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 908 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the non-moving party must assert sufficient facts which, accepted as true, state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 884, 129 S. Ct. 1937, 173 L. Ed 2d 868 (2009). When there are well-pleaded factual allegations, the Court should assume the veracity of such facts and make a determination as to whether a cause of action arises that plausibly entitles the asserting party to relief. *Id*.

## II.     Factual Allegations

Plaintiff alleged in her Complaint that beginning after January, 2013, Defendant began to make telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in an attempt to collect an alleged debt. (Doc. 1, ¶5-6). Each time the Plaintiff answered a call on her cellular telephone, there was an automated message telling her to contact Bank of America. (Doc. 1, ¶5). There was never a live person on the other end of the telephone calls from Defendant. *Id*. In response to the calls, Plaintiff would call Defendant, but Defendant always refused to speak to the Plaintiff because the loan Defendant was attempting to collect was not in the Plaintiff's name. *Id*. Plaintiff also specifically

alleged that she did not expressly or impliedly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). (Doc. 1, ¶8). Defendant knew, or should have known, that they were calling Plaintiff's cellular telephone number without Plaintiff's consent. *Id*. Defendant also knew, or should have known, that the account they were trying to collect was not in Plaintiff's name. *Id*. Under the law, this Court must accept the Plaintiff's allegations set forth in her Complaint as true when considering them in the context of a Motion to Dismiss. *Twombly*, 550 U.S. at 570.

**III.   Argument**

    **A.   Plaintiff has clearly stated a claim under the Telephone Consumer Protection Act and Defendant's Motion to Dismiss is due to be denied.**

Defendant first argues that Plaintiff's claim is due to be dismissed because the Plaintiff failed to plead the telephone number that serves as the basis for her Complaint. (Doc 6-1, p.4). However, the case relied upon by Defendant, *Strand v. Corinthian Colleges, Inc.*, 2014 U.S. Dist. LEXIS 52963 (W.D. Mich. Apr. 17, 2014), has been criticized and discarded by every other court considering the argument that a consumer must provide their telephone number when pleading TCPA violations. *See Ott v. Mortg. Investors Corp. of Ohio*, 2014 U.S. Dist. LEXIS 167157 (D. Or. Dec. 3, 2014)(citing *Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 U.S. Dist. LEXIS 159203, 2014 WL 5847490, at *3-4 (ND Tex Nov. 10, 2014) (rejecting *Strand* and finding that "a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged"); *Baker v. Caribbean*

*Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, 2014 WL 880634, at *3 (D Ariz Mar. 6, 2014); *Manfred v. Bennett Law*, *PLLC*, No. 12-CV-61548, 2012 U.S. Dist. LEXIS 173935, 2012 WL 6102071, at *2 n2 (SD Fla Dec. 7, 2012) ("Plaintiff need not allege his specific cellular telephone number. The statute simply states that the call must be made to 'any telephone number assigned to a . . . cellular telephone service.'"); *Robinson v. Midland Funding, LLC*, No. 10-cv-2261-MMA(AJB), 2011 U.S. Dist. LEXIS 40107, 2011 WL 1434919, at *3 (SD Cal Apr. 13, 2011)("federal 'notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context' of every telephone call"), *quoting Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 2010 WL 5463116, at *6 (ND Cal 2010); *Reyes v. Saxon Mortg. Servs.*, Inc., No. 09-cv-1366-DMS(WMC), 2009 U.S. Dist. LEXIS 125235, 2009 WL 3738177, at *4 (SD Cal Nov. 5, 2009) (TCPA claim adequately stated by alleging that the defendant "frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice")).  There is no requirement for a plaintiff to specifically plead the telephone number which was allegedly called in order to state a claim under the TCPA.  *Ott v. Mortg. Investors Corp. Of Ohio*, 2014 U.S. Dist. LEXIS 167157 at *21-22; *Crawford v. Target Corp.,* 2014 U.S. Dist. LEXIS 159203 at *3-4.  Therefore, Defendant's argument fails and the motion to dismiss is due to be denied.

Next, Defendant blatantly misrepresents the elements necessary to establish a violation

of the TCPA. Defendant states that Plaintiff is required to show that Defendant 1) made a call to a cellular telephone number; 2) using an automatic dialing system or prerecorded or artificial voice; and 3) without the prior consent of the called party. (Doc. 6, pg 4). Defendant then cites three cases, alleging to this Court that said cases support these elements. This is, simply put, false. The *Strand* Court, cited here and at length by Defendant, states a consumer must show that defendant "(1) makes a call; (2) using (a) an automatic dialing system, or (b) a prerecorded or artificial voice; (3) to a telephone number assigned to a cellular telephone." *Strand*, 2014 U.S. Dist. LEXIS 52963 at *5. Defendant then cites an Alabama case in support of its contention that Plaintiff has the burden of showing that there was no prior consent. (Doc. 6, pg. 4). However, the case relied upon by Defendant cites the exact opposite. In *Pinkard*, the court makes clear that "[p]rior express consent is an affirmative defense, meaning that the defendant bears the burden of proving it." *Pinkard v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 160938 (N.D. Ala. Nov. 9, 2012). Plaintiff is not required to show that Defendant lacked prior consent to call Plaintiff, but instead Defendant is required to show that it had prior consent to make automatically dialed telephone calls to Plaintiff. Even so, Plaintiff's complaint specifically alleges that Defendant did not have consent to call Plaintiff as the debt was not in Plaintiff's name. (Doc. 1, ¶8). The only case cited by Defendant that supports the elements set forth by Defendant is *Emanuel v. L.A. Lakers, Inc.*, 2013 U.S. Dist. LEXIS 58842 (C.D. Cal. Apr. 18, 2013)(citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. Cal. 2012)). A review of *Meyer* makes clear that a

consumer showing no prior express consent is not, in fact, required as the court found that the defendant, Portfolio Recovery Associates, had failed to show a "single instance where express consent was given before the call was placed." *Meyer*, 707 F.3d at 1042. It is Defendant's burden to show that it had prior express consent to call Plaintiff, not Plaintiff's burden to show Defendant did not have prior express consent. *Pinkard*, 2012 U.S. Dist. LEXIS 160938 at *9; *Meyer*, 707 F.3d at 1042. Therefore, this argument also fails.

Finally, Defendant argues that Plaintiff did not provide sufficient factual allegations to allow the Court to infer the calls made to Plaintiff were within the definition of an automatic telephone dialing system. (Doc. 6, pg. 5). An autodialer under the TCPA is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Forman v. Tex. Guaranteed Student Loan Corp. (TG)*, 2014 U.S. Dist. LEXIS 167383 (E.D.N.C. Dec. 3, 2014). "[A] system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. Cal. 2009). Courts in other jurisdictions have examined the sufficiency of pleadings as related to the TCPA and have found that pleadings that mirror Plaintiff's pleadings in the instant matter are sufficient. For example, the District Court for the Northern District of Illinois found:

> At the summary judgment stage, Torres will need to point to sufficient evidence showing that the manner in which the Phone Calls were made to Torres violated the TCPA. Torres' allegations indicate that an "automatic telephone dialing system or an artificial or prerecorded

> voice" was used by NES, which is sufficient at this juncture. *Id*. Nor would it even be reasonable to hold plaintiffs in TCPA cases to the standard proposed by NES since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication left on a plaintiff's voicemail. Under such a standard, defendants such as NES would be virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA

*Torres v. Nat'l Enter. Sys.*, 2012 U.S. Dist. LEXIS 110514, 10-11 (N.D. Ill. Aug. 7, 2012). Such a position makes sense when viewed in tandem with the requirement that the dialing equipment in question need only have the capacity to store, produce or call randomly generated numbers. *Satterfield*, 569 F.3d at 951. It is virtually impossible for a consumer to know the specifics of a company's telephone equipment absent discovery.

In this action, Plaintiff directly cited the statutory definition of an automatic telephone dialing system. (Doc. 1, ¶ 6). Said definition clearly states that an automatic telephone dialing system is defined as equipment "which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 USCS § 227. As recognized in *Torres*, it is virtually impossible to plead facts sufficient, absent discovery, to show that Defendant's equipment has the capacity to store or produce telephone numbers to be dialed using a random or sequential number generator. However, Plaintiff did clearly set forth specific facts as to why she believed, and continues to believe, that Defendant called her using an automatic telephone dialing system. Plaintiff alleged that each time she picked up her cellular telephone, there was an automated, prerecorded voice message telling her to contact Defendant. (Doc. 1, ¶ 5). This is more than

a mere restatement of the elements or a conclusory statement by Plaintiff, as alleged by Defendant, but a clear factual statement which certainly allows this Court to infer that Plaintiff received a prerecorded voice message by way of an automated telephone dialing system.

Defendant's position that Plaintiff's TCPA claim should be dismissed is littered with misrepresentations of fact and law in a shameful attempt to mislead this Honorable Court. Based upon the law provided herein, it is clear that Plaintiff's Complaint sufficiently sets forth her TCPA claim. Therefore, Defendant's Motion to Dismiss Plaintiff's TCPA claim is due to be denied.

**B.     Plaintiff has clearly stated her South Carolina common law claims and Defendant's Motion to Dismiss the same is due to be denied.**

*1.     Negligent and Reckless Training and Supervision*

Defendant alleges that Plaintiff has failed to adequately plead her negligence claim, but Plaintiff did not plead an ordinary negligence claim, but rather negligent and reckless training and supervision claims. Negligent and reckless training and supervision are both recognized torts in South Carolina. *James v. Kelly Trucking Co.*, 377 S.C. 628, 631 (S.C. 2008). Liability is established upon a determination that an employee intentionally harms another while upon the premises of the employer, or is using a chattel of the employer, and the employer knows or has reason to know that he has the ability to control his employee, and the employer knows or should know of the necessity and opportunity for exercising such control. *Land v. Green Tree Servicing, LLC*, 2014 U.S. Dist. LEXIS 154879, *13-14 (D.S.C.

Oct. 31, 2014). The standard is "whether the employer knew the offending employee was 'in the habit of misconducting [himself] in a manner dangerous to others.'" *Land*, 2014 U.S. Dist. LEXIS at *14 *quoting Doe v. ATC, Inc.*, 367 S.C. 199, 624 S.E.2d 447, 450 (S.C. Ct. App. 2005). Plaintiff's Complaint clearly set out that Defendant knew or should have known of its inadequate training and supervision of employees and that, had Defendant properly trained and supervised its employees, Plaintiff would not have been subjected to the harassing calls which violated the TCPA, as well as state law. (Doc. 1, ¶¶ 18-20; 23-25).

Defendant sets forth that Plaintiff's claim is due to be dismissed because a bank does not owe a customer a special duty of care. (Doc. 6, pg 6-7). This position fails for two reasons. First, Plaintiff alleged very specific torts, negligent and reckless training and supervision, as opposed to simple negligence. Second, Plaintiff was not a customer of Defendant. While Defendant's citation of the elements of negligence may be an accurate representation of what is required to support a finding of negligence, that is not the claim that was brought by Plaintiff nor is it the claim that Defendant seeks to have dismissed. South Carolina law clearly sets forth a valid cause of action for negligent training and supervision. *Land*, 2014 U.S. Dist. LEXIS 154879 at*13-14; *James,* 377 S.C. at 631. Defendant's motion fails to provide any basis for these claims to be dismissed. As such, Defendant's motion to dismiss Plaintiff's Negligent and Reckless Training and Supervision claims should be denied.

    ii.    *Invasion of Privacy*

Lastly, Defendant alleges that Plaintiff failed to plead sufficient facts to support her

invasion of privacy claim on the grounds that Plaintiff failed to allege Defendant wrongfully intruded into Plaintiff's private affairs. Once more, this is simply untrue.

It is well settled law in South Carolina that unreasonable actions taken to a collect a debt can constitute an invasion of privacy. *See Gantt v. Universal C.I.T. Credit Corp.,* 254 S.C. 112 (S.C. 1970). Furthermore, systematically harassing a consumer by repeatedly calling the consumer to collect a debt has been deemed outrageous. *Chassereau v. Global-Sun Pools, Inc.,* 373 S.C. 168 (S.C. 2007). Likewise, other jurisdictions have considered conduct similar to that alleged in this action and determined that such conduct constitutes an invasion of privacy. *See Jackson v. HSBC Mortgage Services, Inc.*, 2014 U.S. Dist. LEXIS 144300 (N.D. Ala. Oct. 10, 2014) (holding that multiple telephone calls per day to a plaintiff went beyond the bounds of reasonableness).

Plaintiff has alleged that Defendant made repeated telephone calls by way of an automated telephone dialing system in an attempt to collect a debt from her. Plaintiff has alleged that every time she called Defendant back after receiving one of these automatic calls, Defendant told Plaintiff that they could not speak to her because the debt was not in her name. (Doc. 1, ¶ 5). These facts certainly give rise to the inference that the conduct of Defendant unreasonably and wrongly infringed upon her right to privacy by repeatedly telephoning Plaintiff to collect a debt she did not owe. Pursuant to the arguments set forth above, it is clear that Defendant's motion to dismiss Plaintiff's Invasion of Privacy claim is due to be denied.

### IV. Conclusion

Wherefore, based upon all of the foregoing, the Plaintiff respectfully requests this Honorable Court to deny the Defendant's Motion to Dismiss in its entirety. Should this Honorable Court deem there are pleading insufficiencies present in Plaintiff's Complaint, Plaintiff requests the opportunity to amend her Complaint accordingly. *See Swindler v. Ben Lippen Sch.*, 2012 U.S. Dist. LEXIS 155320 (D.S.C. Oct. 30, 2012).

*/s/ Penny Hays Cauley*
Penny Hays Cauley (Federal Bar No. 10323)

**OF COUNSEL:**
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, South Carolina 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

> T. Richmond McPherson
> McGuire Woods LLP
> 201 N. Tryon St., Suite 3000
> Charlotte, NC 28202

*/s/ Penny Hays Cauley*
Of Counsel