UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Johnna Williams, ) | Civil Action No.: 4:14-cv-04809-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bank of America, National ) | |
| Association, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss, ECF No. 5. Having considered Plaintiff's complaint, Defendant's motion to dismiss, and Plaintiff's response, the Court denies Defendant's motion.[1]

**Background**

On December 19, 2014, Plaintiff Johnna Williams filed a complaint against Defendant Bank of America, National Association, alleging the following causes of action: (1) violation of the Telephone Consumer Protection Act[2] (TCPA), (2) treble damages under the TCPA, (3) negligent training and supervision, (4) reckless and wanton training and supervision, and (5) invasion of privacy. *See* Complaint, ECF No. 1 at 3-7. The causes of action stem from Defendant's alleged conduct in making unauthorized telephone calls to Plaintiff's cellular telephone. *Id.*

**I.    Facts Alleged in the Complaint**

---

[1]     Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing. The Court believes the issues are thoroughly briefed and adequately presented in the materials before the Court.

[2]     47 U.S.C. § 227.

Plaintiff is a resident and citizen of South Carolina, and Defendant is a Delaware corporation doing business in South Carolina. Complaint at ¶¶ 3-4. Beginning after January 2013, Defendant began placing telephone calls to Plaintiff's cellular phone seeking to collect an alleged debt. *Id.* at ¶ 5. When Plaintiff answered her cell phone, an automated message told her to contact Bank of America; a live person was never available on Defendant's phone calls. *Id.* Plaintiff never gave her express or implied consent for Defendant to call her cell phone, and she alleges Defendant knew or should have known it was calling Plaintiff without her consent. *Id.* at ¶ 8. Plaintiff would return Defendant's phone calls, but Defendant refused to speak with her because the loan Defendant sought to collect was not in Plaintiff's name. *Id.* at ¶ 5. Plaintiff claims Defendant knew or should have known the account it was seeking to collect was not in Plaintiff's name. *Id.* at ¶ 8. Plaintiff represents that all calls placed by Defendant occurred through the use of an automatic telephone dialing system as defined in 47 U.S.C. § 227, that she incurred charges for incoming calls to her cell phone pursuant to 47 U.S.C § 227(b)(1), and that none of Defendant's telephone calls were for emergency purposes as defined in 47 U.S.C. § 227(b)(1)(A)(I). *Id.* at ¶¶ 6-7, 9.

**II.     Plaintiff's Causes of Action**

Counts one and two of Plaintiff's complaint allege the telephone calls placed by Defendant were knowing and willful violations of the TCPA. *Id.* at ¶¶ 11-16. Plaintiff seeks statutory and treble damages as provided under 47 U.S.C. § 227(b)(3)(B) and (C). *Id.* at ¶¶ 13, 16. Count three alleges Defendant negligently breached its duty to Plaintiff to properly train and supervise its employees to ensure compliance with state and federal laws. *Id.* at ¶ 4. Count four adopts the same factual allegations as count three and alleges Defendant acted recklessly and wantonly in training and supervising its employees. *Id.* at ¶ 22. In both counts three and four, Plaintiff asserts she suffered

humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anxiety. *Id.* at ¶¶ 21, 26. Count five alleges Defendant invaded Plaintiff's privacy and caused her severe mental suffering by continuously harassing her with automated telephone calls seeking to collect a debt that she did not owe. *Id.* at ¶¶ 27-29. Plaintiff seeks compensatory and punitive damages for counts three through five. *See* Complaint, ECF No. 1 at 7.

## **Standard of Review**

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must state a "'plausible claim for relief'" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as she provides adequate detail about her claims to show she has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## **Discussion**

**I.     Violation of the TCPA (Counts One and Two)**

In seeking dismissal of counts one and two, Defendant argues Plaintiff has failed to state a claim for relief upon which relief can be granted because her complaint "contains virtually no facts" regarding

Defendant's violation of the TCPA "other than conclusory restatements of the elements of the TCPA." Motion to Dismiss at 3.  Defendant asserts Plaintiff has not specified the telephone number that Defendant allegedly called in violation of the TCPA, has not set forth sufficient factual allegations showing she received the calls from an automated dialing system, and has not pled facts showing Defendant placed the alleged calls without Plaintiff's consent.  *Id.* at 3-6.  The Court rejects Defendant's arguments.

"The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013).  The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A)(iii); *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) ("[T]he [TCPA] makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any . . . cellular telephone . . . for which the receiver is charged for the call.").  An "automatic telephone dialing system" means equipment that has the capacity to store telephone numbers and dial such numbers.  47 U.S.C. § 227(a)(1).

The Court finds Plaintiff has alleged sufficient facts to state a claim under the TCPA.  Plaintiff claims Defendant began calling her cellular telephone after January 2013, and upon answering Defendant's calls, Plaintiff heard an automated message telling her to contact Bank of America about a loan.  Complaint at ¶¶ 5-6.  She asserts a live representative was never available on Defendant's

phone calls and maintains she never consented to Defendant calling her cell phone. *Id.* at ¶¶ 5, 8. Plaintiff asserts she incurs a charge for incoming telephone calls made to her cell phone. *Id.* at ¶¶ 7. Thus, Plaintiff has alleged Defendant used an automated telephone dialing system to call her on her cell phone without her consent and at her expense.

Moreover, the Court rejects Defendant's argument that Plaintiff's claims under the TCPA must be dismissed because her complaint did not specify the telephone number that Defendant allegedly called. *See* Motion to Dismiss at 3-4, 6. In support of this argument, Defendant relies on a decision wherein a Michigan district court granted a 12(b)(6) motion to dismiss because the plaintiff failed to plead the cell phone number that the defendant allegedly called. *Id.* at 4-5 (citing *Strand v. Corinthian Colleges, Inc.*, No. 1:13-CV-1235, 2014 WL 1515494, at *3-4 (W.D. Mich. Apr. 17, 2014) (requiring the plaintiff to plead her cellular telephone number in a TCPA claim)). Although the Fourth Circuit has not addressed the question of whether a plaintiff must provide her telephone number in her complaint, other district courts considering the question have consistently rejected the position taken by Defendant and *Strand*. *See, e.g., Margulis v. Generation Life Ins. Co.*, __ F. Supp. 3d __, __, 2015 WL 1260483, at *2 (E.D. Mo. Mar. 19, 2015) ("*Strand* . . . appear[s] to take the minority view. The majority of district courts "do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant."); *Ott v. Mortgage Investors Corp. of Ohio*, __ F. Supp. 3d __, __, 2014 WL 6851964, at *8 (D. Or. Dec. 3, 2014) (recognizing "*Strand* is contrary to most other district courts" and denying the defendants' motion to dismiss the plaintiffs' TCPA claim based on the plaintiff's failure to plead the cellular telephone number that the defendants allegedly called); *Crawford v. Target Corp.*, No. 3:14-CV-0090-B, 2014 WL 5847490, at *2-4 (N.D. Tex. Nov. 10, 2014) (rejecting *Strand* and finding "a plaintiff's specific telephone number is not essential to providing a defendant notice of

5

the conduct charged"); *Jackson v. HSBC Mortgage Servs., Inc.*, No. 2:14-CV-1240-RDP, 2014 WL 5100089, at *4 (N.D. Ala. Oct. 10, 2014) (finding the "failure to specify in a complaint the telephone number called under the TCPA claim" was not grounds for dismissal of a TCPA claim); *Manfred v. Bennett Law, PLLC*, No. 12-CV-61548, 2012 WL 6102071, at *2 n.2 (S.D. Fla. Dec. 7, 2012) (finding the "[p]laintiff need not allege his specific cellular telephone number" in stating a cause of action under the TCPA).

Agreeing with these decisions, the Court finds that at the pleading stage, the TCPA does not require Plaintiff to provide the cell phone number that Defendant allegedly called. Plaintiff's allegation that Defendant called her cellular telephone provides adequate notice to Defendant of its conduct alleged to have violated the TCPA. Complaint at ¶¶ 5-6. Defendant may obtain information regarding the telephone number it allegedly called through discovery; the phone number is not necessary to put Defendant on notice of its alleged conduct. Accordingly, accepting the facts alleged in the complaint as true, the complaint states facts sufficient to allege a violation of the TCPA that is plausible on its face. The Court therefore denies Defendant's motion to dismiss regarding Plaintiff's claims under the TCPA.

**III.   State Law Claims (Counts Three, Four, and Five)**

    **A.   Counts Three and Four: Negligent and Reckless Training and Supervision**

Defendant argues Plaintiff has failed to establish Defendant owed her a duty of care, a necessary element of her tort-based claims for negligent and reckless training and supervision. Motion to Dismiss at 6-7.

To establish a negligence claim, a plaintiff must show the defendant owed her a duty of care, the defendant breached that duty, and the plaintiff suffered a loss caused by the breach. *Doe ex rel. Doe*

6

*v. Wal-Mart Stores, Inc.*, 393 S.C. 240, 246, 711 S.E.2d 908, 911 (2011).  "It is well settled that negligence may be so gross as to amount to recklessness, and when it does, it ceases to be mere negligence and assumes very much the nature of willfulness." *Berberich v. Jack*, 392 S.C. 278, 287-88, 709 S.E.2d 607, 612 (2011) (internal quotation marks omitted) (explaining the term "wanton" is synonymous with "reckless").  "Recklessness implies the doing of a negligent act knowingly; it is a conscious failure to exercise due care." *Id.* (internal quotation marks omitted).

Although the common law ordinarily imposes no duty to act, an affirmative legal duty may arise from statute. *Rayfield v. S. Carolina Dep't of Corr.*, 297 S.C. 95, 100, 374 S.E.2d 910, 913 (Ct. App. 1988).  To establish a defendant owes her a duty of care arising from a statute, a plaintiff must show (1) the purpose of the statute is to protect her from the kind of harm she has suffered; and (2) she belongs to the class of people that the statute is intended to protect. *Whitlaw v. Kroger Co.*, 306 S.C. 51, 53, 410 S.E.2d 251, 252 (1991).  If a plaintiff makes these two showings, she has proven the first element of a negligence claim, i.e., that the defendant owes her a duty of care. *Id.*

Plaintiff argues she has not alleged simple negligence but has instead alleged negligent and reckless training and supervision, and she cites *Land v. Green Tree Servicing, LLC*, No. CA 8:14-1165-TMC, 2014 WL 5527854, at *5-6 (D.S.C. Oct. 31, 2014), a district court case that cites *Degenhart v. Knights of Columbus*, 309 S.C. 114, 116-17, 420 S.E.2d 495, 496 (1992).  Plaintiff's Response to Defendant's Motion to Dismiss, ECF No. 9 at 8-9.  In *Degenhart*, the Supreme Court of South Carolina adopted the tort of negligent supervision for an employee acting *outside* the scope of his employment.  309 S.C. at 116, 420 S.E.2d at 496 ("Under certain circumstances, an employer is under a duty to exercise reasonable care to control an employee acting outside the scope of his employment.").  An employer in that situation may be liable for negligent supervision if its employee

7

intentionally harms the plaintiff when the employee (1) is upon the employer's premises or is using the employer's chattel; (2) the employer knows or has reason to know it has the ability to control the employee; and (3) the employer knows or should know of the necessity and opportunity to exercise control. *Doe v. Bishop of Charleston*, 407 S.C. 128, 139, 754 S.E.2d 494, 500 (2014).

However, Plaintiff alleges in count three that Defendant owed her a duty to properly train and supervise its employees to ensure compliance with the TCPA, and asserts in count four that Defendant recklessly and wantonly failed to train and supervise its employees for the same facts alleged in count three. Complaint at ¶ 18, 25. Defendant seeks dismissal of counts three and four on the premise that a bank does not owe a customer a special duty of care, citing *Regions Bank v. Schmauch*, 354 S.C. 648, 669, 582 S.E.2d 432, 443 (Ct. App. 2003). Motion to Dismiss at 7. Here, however, Plaintiff does *not* allege she was a customer of Defendant's financial institution when receiving Defendant's phone calls; to the contrary, she asserts Defendant told her she was not liable for the loan that Defendant sought to collect.

Moreover, in her complaint, Plaintiff grounds her claims in counts three and four upon the premise that Defendant owed her a statutory duty of care under the TCPA.[3] Complaint at ¶¶18-19, 22,

---

[3] In response to Defendant's argument that she has not alleged Defendant owed her a duty of care, Plaintiff asserts she "did not plead an ordinary negligence claim, but rather negligent and reckless training and supervision claims." Plaintiff's Response to Defendant's Motion to Dismiss, ECF No. 9 at 8. Plaintiff argues she has "alleged very specific torts, negligent and reckless training and supervision, as opposed to simple negligence." *Id.* at 9. She contends, "While Defendant's citation of the elements of negligence may be an accurate representation of what is required to support a finding of negligence, that is not the claim that was brought by Plaintiff nor is it the claim that Defendant seeks to have dismissed." *Id.*

Claims for negligent and reckless training and supervision sound in negligence and require allegations of the four basic elements of negligence: duty, breach, proximate cause, and damages. The Court's position is consistent with a recent district court opinion analyzing claims for negligent supervision and training. *See Stalvey v. Am. Bank Holdings, Inc.*, No. 4:13-CV-714, 2013 WL 6019320, at *5 (D.S.C. Nov. 13, 2013) ("turn[ing] to [the] [p]laintiff's negligent training and supervision claims," citing the basic elements of negligence, and specifying "a duty of care [is] an essential element of [the plaintiff's] *negligence based* claims (emphasis added)). Furthermore, South Carolina state courts considering similar causes of action have addressed such claims within the framework of ordinary negligence law. *See*

8

24. Her claims indicate that the TCPA is designed to prevent automated telephone calls made without the recipient's consent and that she belongs to the broad class of citizens the federal statute is designed to protect. *See Whitlaw*, 306 S.C. at 53, 410 S.E.2d at 252; *Rayfield*, 297 S.C. at 100, 374 S.E.2d at 913. Accepting these allegations as true, the Court denies Defendant's motion to dismiss counts three and four because Plaintiff's complaint includes plausible factual statements that reasonably support the existence of a statutory duty of care owed by Defendant to Plaintiff.

### B.     Count Five: Invasion of Privacy

Defendant argues count five should be dismissed because Plaintiff does not allege Defendant publicized her private affairs. Motion to Dismiss at 7-8. Defendant's argument ignores the precise cause of action that Plaintiff alleges for the invasion of her right to privacy. As explained below, Plaintiff does not allege a wrongful publicization cause of action, but instead alleges a wrongful intrusion cause of action.

South Carolina recognizes "three separate and distinct causes of action for invasion of privacy: 1) wrongful appropriation of personality; 2) wrongful publicizing of private affairs; and 3) wrongful

---

*Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 300, 302, 468 S.E.2d 292, 298-99 (1996) (considering a negligent supervision claim, citing the elements of ordinary negligence (including the "duty of care"), and stating "[a]n employer owes a duty of care to a third party when the possible harm resulting to the third party by the employee could have been reasonably anticipated by the employer"); *Trask v. Beaufort Cnty.*, 392 S.C. 560, 566, 709 S.E.2d 536, 539 (Ct. App. 2011) (considering "claims for negligence and negligent supervision and training" and citing the basic elements of negligence); *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP*, 359 S.C. 635, 644-45 n.2, 598 S.E.2d 717, 722-23 n.2 (Ct. App. 2004) (evaluating a claim for negligent supervision, specifying "[t]he disposition of this claim depends upon whether [the defendant] owed a duty to [the plaintff]," recognizing "[a]n employer may have a *legal duty to use due care in supervising an employee* as a result of a contractual relationship with the employee," and noting "[t]his duty sounds in tort, not in contract" (emphasis added)). Thus, Plaintiff must allege the existence of a duty owed by Defendant to state claims for negligent and reckless supervision and training. As explained in more detail above, Plaintiff's complaint sufficiently pleads the element of duty—a statutory duty under the TCPA—for her claims. The law discussed in *Degenhart*, 309 S.C. at 116, 420 S.E.2d at 496, is applicable if Plaintiff claims Defendant's employees acted outside the scope of their employment. Plaintiff's complaint does not indicate whether the employees acted within or outside the scope of their employment.

9

intrusion into private affairs." *Sloan v. S.C. Dep't of Pub. Safety*, 355 S.C. 321, 325-26, 586 S.E.2d 108, 110 (2003). Plaintiff alleges the third type of invasion of privacy claim, wrongful intrusion into private affairs; thus, she must show "(1) an intrusion, which may consist of prying, besetting or other similar conduct; (2) into that which is private (that is, those aspects of plaintiffs' self, home, family which one normally expects to be free from exposure to the others); (3) that the intrusion was substantial and unreasonable; and (4) that the defendants' conduct was intentional." *Craig v. Andrew Aaron & Associates, Inc.*, 947 F. Supp. 208, 213 (D.S.C. 1996) (citing *Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 171, 383 S.E.2d 2, 6 (Ct. App. 1989)). The damage in an action for wrongful intrusion into private affairs "consists of the unwanted exposure resulting from the intrusion," which includes "the shame, humiliation, and emotional distress suffered by the plaintiff." *Snakenberg*, 299 S.C. at 172, 383 S.E.2d at 6.

Plaintiff has pled facts establishing the elements of the third type of invasion of privacy claim. She alleges Defendant made repetitive phone calls to her cell phone, and when she answered her phone, an automated message—never a live person—told her to contact Defendant. Complaint at ¶¶ 5. When Plaintiff called Defendant, Defendant refused to speak with her because the loan Defendant sought to collect was not in Plaintiff's name. *Id.* Plaintiff asserts she suffered serious mental suffering as a result of Defendant's incessant calls. *Id.* at ¶ 30. These allegations support a reasonable inference that Defendant intentionally, substantially, and unreasonably engaged in intrusive acts into Plaintiff's personal life. *See Gantt v. Universal C. I. T. Credit Corp.*, 254 S.C. 112, 116, 118-19, 173 S.E.2d 658, 659-61 (1970) (holding the plaintiff pled an appropriate cause of action for invasion of privacy because she alleged in her complaint that a creditor repeatedly called her to collect a debt that was not hers). Accordingly, the Court finds Plaintiff has alleged facts plausible to support a cause of action for

wrongful intrusion into private affairs.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**


Florence, SC                                                                           s/ R. Bryan Harwell
June 18, 2015                                                                          R. Bryan Harwell
                                                                                       United States District Judge